Appeal of ELLEN NEVINS, Executrix,     Docket No. 1297.
Estate of THOMAS F. NEVINS, Deceased.

> Under the evidence, *held*, that contributions or gifts made to the Long Island Chapter Knights of Columbus War Camp Activities Committee are not deductible under the Revenue Act of 1918.

Submitted March 31, 1925; decided May 20, 1925.

*Hardy S. Waters*, C. P. A., for the taxpayer.
*W. Frank Gibbs*, *Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, and PHILLIPS.

This appeal involves a net deficiency in income taxes for the years 1918, 1919, and 1920, in the amount of $65.33. It arises from the disallowance of deductions claimed on account of contributions made to the Long Island Chapter Knights of Columbus War Camp Activities Committee.

### FINDINGS OF FACT.

The taxpayer is the executrix of the last will and testament of Thomas F. Nevins, deceased. During the years 1918 and 1919, Nevins contributed $1,425 and $100, respectively, to the Long Island Chapter Knights of Columbus War Camp Activities Committee.

During the period of participation by the United States in the World War, the Knights of Columbus engaged in welfare work among the uniformed forces of the army and navy stationed at the various camps and cantonments in this country and abroad. Its work consisted of the erection and maintenance of places where entertainment, reading facilities, cigarettes and candy, and religious and secular instruction were supplied without charge.

The Knights of Columbus carried on that work in part through local committees appointed by the various chapters. The Long Island Chapter Knights of Columbus War Camp Activities Committee, to which the contributions in question were made, was one of such local committees.

That committee was appointed as the result of the following resolution adopted at a meeting of the Long Island Chapter of the Knights of Columbus, held June 24, 1917, as follows:

> *Resolved*, That the Chairman of the L. I. Chapter of K. of C. be authorized to appoint a Committee, the number constituting same to be decided by him, to look to the moral and spiritual welfare of the men now in the service of the United States who are located in camps, navy yards or reservations, that the Committee may decide on as being embraced in the territory under the jurisdiction of the L. I. Chapter Knights of Columbus.

A committee of three was appointed, consisting of Maurice Breen, chairman, John J. Duffy, treasurer, both of whom served without compensation, and Joseph T. Quinn, secretary, who received a salary from the committee. Quinn's duties consisted of the direction and management of the affairs of the committee. The other two members acted in an advisory capacity.

The committee received the funds which it used through voluntary contributions from the public.

The funds received were deposited in the Kings County Trust Company of Brooklyn in the name "K. of C. War Camp Activities Committee, J. J. Duffy, Treas." They were disbursed by checks signed by the committee treasurer.

Disbursements were made upon the authority and direction of the secretary of the committee upon vouchers approved by him. Records of the receipts and disbursements were kept by the treasurer, who made reports from time to time to the other officers. During the years involved the funds were disbursed for the following purposes:

The erection of buildings known as Knights of Columbus "huts" at eleven or more locations on Long Island; the equipment and maintenance thereof; the purchase and free distribution to the soldiers of supplies, cigarettes, and candy; and athletic supplies and equipment, entertainment, and nonsectarian religious instruction.

Attendants at the "huts" were furnished and compensated by the supreme body of the Knights of Columbus and not by the committee. "Huts" erected at other points on Long Island by the supreme body were furnished with equipment and supplies by the committee.

In 1919, at the conclusion of the work of the committee, the property and funds remaining were transferred to a corporation, the Long Island Chapter Knights of Columbus Social Service, Inc., which was organized under the laws of New York with the following objects:

To interest and unite Catholic men in social work for the welfare of boys and girls and young men and young women to the end that crime, poverty and misery may be lessened; that a nobler manhood and womanhood may be developed; that a more perfect love of home, family and country may be fostered.

To render legal aid to all deserving men and women unable to procure such assistance elsewhere.

To initiate and promote social legislation.

To engage exclusively in work calculated to improve the moral, mental, social and physical betterment of humankind.

To acquire real and personal property to be used exclusively for the mental, moral, social and physical betterment of the people on Long Island.

## DECISION.

The determination of the Commissioner is approved.

### OPINION.

TRAMMELL: The question involved in this appeal is whether the contributions or gifts made by the taxpayer come within the provisions of section 214 (a) (11) of the Revenue Act of 1918, which provides as follows:

Contributions or gifts made within the taxable year to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to the special fund for vocational rehabilitation authorized by section 7 of the Vocational Rehabilitation Act, to an amount not in excess of 15 per centum of the taxpayer's net income as computed without the benefit of this paragraph. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary. In the case of a nonresident alien

individual this deduction shall be allowed only as to contributions or gifts made to domestic corporations, or to such vocational rehabilitation fund.

All contributions or gifts made by a taxpayer are not deductible. In order that they may be deductible it must first appear that they were made to a corporation, as defined by the Act. If so, the next inquiry is whether such corporation was organized and operated exclusively for the purposes set forth in the above-quoted section of the statute.

The contributions or gifts made by the decedent were to the committee. It was not contended that they were to or for the Knights of Columbus. The funds were deposited in the name of the committee and disbursements were made by it. This committee was not incorporated.

The taxpayer contends that the contributions made by the decedent to the committee were deductible because the committee was a charitable association and as such, by virtue of the definition in the Revenue Act, is to be treated as a corporation. We can not adopt this view. The committee, as shown by the evidence, was entirely informal. It was not organized and had none of the characteristics which are commonly recognized as those of an association. It was precisely what its name connoted—a committee. We are compelled, therefore, to hold that contributions made to it were not contributions to a corporation within the meaning of the statute and therefore are not deductible.

In view of the basis of the decision, it is unnecessary to decide the question whether the committee met the other requirements of the statute, or to consider whether contributions made directly to an incorporated chapter of the Knights of Columbus were deductible in the years in question.